UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARGARET ETSON,

    Plaintiff,

v.                               Case No. 8:18-cv-1374-T-33AAS

METROPOLITAN CASUALTY
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

This matter comes before the Court pursuant to Defendant Metropolitan Casualty Insurance Company's Unopposed Motion to Stay Proceedings, Compel Appraisal and Protective Order (Doc. # 8), filed on June 21, 2018. For the reasons that follow, the Motion is denied.

## Discussion

Plaintiff Margaret Etson initiated this action against Defendant Metropolitan Casualty Insurance Company on May 8, 2018, in Florida state court, alleging breach of contract in connection with an insurance policy. (Doc. # 2). Etson asserts that her home sustained damage as a result of Hurricane Irma – at issue is the amount owed to Etson under the policy.

(Id.). Metropolitan removed the action on June 7, 2018, (Doc. # 1), and was granted an extension to file a response to the complaint by June 28, 2018. (Doc. # 6). The parties were also directed by the Court to file a Case Management Report by June 22, 2018. (Doc. # 3).

On June 21, 2018, Metropolitan filed an Unopposed Motion to Stay Proceedings, Compel Appraisal and Protective Order. (Doc. # 8). Metropolitan points to an appraisal clause in the insurance policy that allows either party to submit a written demand for appraisal if the parties fail to agree on the amount of loss. (Id. at 3). Indeed, Metropolitan sent a written demand for an appraisal to Etson on June 21, 2018. (Doc. # 8-2). Arguing in favor of a stay, Metropolitan states that requiring it to litigate and defend this case "would be inherently unfair . . . where, by doing so, it may waive its right to proceed with the very appraisal process it requested." (Doc. # 8 at 4-5).

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997)(citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). Deciding whether to stay a case "calls for the exercise of judgment,

which must weigh competing interests and maintain an even balance." Landis, 299 U.S. at 254-55.

This Court considers "several factors when evaluating a request for a stay, including prejudice to the non-moving party, whether the requested stay would simplify and clarify the issues, and whether the potential stay would reduce the burden of litigation on the parties and on the court." Mackiewicz v. Nationstar Mortg., LLC, No. 6:15-cv-465-Orl-18GJK, 2015 WL 11983233, at *1 (M.D. Fla. Nov. 10, 2015)(citing Freedom Sci., Inc. v. Enhanced Vision Sys., No. 8:11-cv-1194-T-17AEP, 2012 U.S. Dist. LEXIS 11410, at *2 (M.D. Fla. Jan. 21, 2012)).

Metropolitan makes only one argument in favor of a stay. It points to the supposed prejudice Metropolitan would suffer should this case proceed alongside the appraisal process. (Doc. # 8 at 4-5). But the Court sees no reason why the appraisal process and this case cannot proceed simultaneously. And, in deciding whether to stay a case, the Court focuses on the prejudice to the non-moving party – Etson, not Metropolitan. See Mackiewicz, 2015 WL 11983233, at *1.

Furthermore, the Court "must take an active role in managing cases on [its] docket." Chudasama v. Mazda Motor

Corp., 123 F.3d 1353, 1366 (11th Cir. 1997). If the Court were to grant the Motion, the case would not be on track for a speedy determination, as required by Rule 1 of the Federal Rules of Civil Procedure. As stated in Chudasama, 123 F.3d at 1366, this Court enjoys broad discretion "in deciding how best to manage the cases before [it]." Under the circumstances of this case, the Court determines that it is appropriate to deny the Motion.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Metropolitan Casualty Insurance Company's Unopposed Motion to Stay Proceedings, Compel Appraisal and Protective Order (Doc. # 8) is **DENIED.**

(2) The parties are directed to comply with the existing deadlines in this case.

**DONE** and **ORDERED** in chambers in Tampa, Florida, this 22nd day of June, 2018.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

4